MONROE W. NEIHART, APPELLANT, v. MARSHAL W. INGRAHAM ET AL., APPELLEES.

2 N. W. (2d) 28

FILED JANUARY 23, 1942. No. 31202.

*Thomas E. Dunbar,* for appellant.

*Tyler & Frerichs, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

MESSMORE, J.

This is an action to set aside and cancel a deed to one-half interest in certain real property located in Nebraska City, Nebraska. The court found against the plaintiff and for the defendants. Plaintiff appeals.

Plaintiff's action is based on fraud, in that the deed was secured from him at a time when he was mentally and physically unaware of what he was doing; that, consequently, the deed was without consideration and there was

no actual delivery. The principal assignment of error is that the evidence is insufficient to sustain the decree and judgment of the district court.

The plaintiff, 87 years of age, a resident of Otoe county, Nebraska, since 1876, formerly a photographer, and for the past 12 years police magistrate, owned certain real estate in Nebraska City. The real estate in question in this action consists of a small residence property, owned by Grace Neihart Ingraham, daughter of the plaintiff and wife of defendant Marshal W. Ingraham, whom she married in 1914. The Ingrahams lived at various places in Iowa where he worked as a carpenter. In August, 1924, plaintiff's wife died, and in the fall of the same year the Ingrahams rented and moved into a house in Nebraska City for the purpose of making a home for the plaintiff. Marshal W. Ingraham remained at his work in Iowa and made occasional trips to Nebraska City. In 1925 Grace Neihart Ingraham owned the lot involved in this case and built a house on it, the construction being supervised by her husband, and the plaintiff furnished some money and paid taxes thereon.

Plaintiff owned two properties, one an acreage and the other referred to as the Singer house. In 1929 he expressed a desire to live on the acreage property and promised defendant Marshal W. Ingraham that if he would come to Nebraska City and make the family home there the acreage would be the property of the Ingrahams upon his death. Pursuant to this promise and agreement, the Ingrahams removed to the acreage and Marshal W. Ingraham moved permanently to Nebraska City in the fall of 1929. On the acreage premises he performed some labor and planted trees to improve the acreage. They resided there until the death of Grace Neihart Ingraham April 24, 1938. Subsequent to the death of his daughter plaintiff advised Marshal W. Ingraham that he was going to make a different disposition of the acreage. Marshal expressed the view that he should be given the property involved in this action and the Singer place, whereupon it was agreed that the plaintiff

would give him the property herein involved, which would constitute a half-interest therein. Subsequently, on October 19, 1940, two and one-half years after the deed was executed, Marshal W. Ingraham married Anna Houlihan, a niece of the plaintiff, who kept house for plaintiff until just prior to her marriage. A half-interest in the real estate in question was sold by defendant Marshal W. Ingraham to Anna before her marriage. Immediately after the marriage, the Ingrahams moved into the residence property involved in this action.

An action was brought in 1940 by Marshal W. Ingraham in the county court, seeking a determination of heirship. Notice of publication was had in September, 1940. Plaintiff contends that this was the first knowledge that he had of the conveyance of the real estate, and proceeded to attack the proceedings in the county court, resulting finally in this action to set aside the deed.

The testimony with reference to the deed is, in substance, as follows: It was prepared by an attorney and at his request taken by his law partner to the plaintiff's office, where it was explained to the plaintiff that the deed was one to the property involved in this action in favor of Marshal W. Ingraham and the deed about which the attorney had called by telephone. The deed was handed to plaintiff, he looked it over, and the city clerk, who had an office close to that of the plaintiff, was called in as a notary public to acknowledge the deed. The plaintiff was asked by the notary if his signature to the deed was his voluntary act and deed, and he acknowledged that it was. The deed was then handed to the attorney, who took it and left the office.

There is evidence in the record that at the time of the death of Grace Neihart Ingraham plaintiff felt the shock so severely that he lost all of his powers of reasoning and business competence. There is no doubt that his loss was a very grievous one, but the evidence is not persuasive that fraud was practiced by defendants in this case. The plaintiff was and is an active, energetic and intelligent man.

While he may have been incapacitated for a period of time for carrying on his duties as a police magistrate, he had on various occasions discussed with persons the disposition of his real estate and, to all appearances, was perfectly satisfied with the disposition of the property to defendant Marshal W. Ingraham. It also appears in the record that, following the publication of the notice of determination of heirship in the county court, other influences, which we deem unnecessary to discuss, persuaded and prompted the plaintiff to contest this conveyance to the defendant Marshal Ingraham.

"Where it is sought to set aside a written instrument, and more especially one which has been executed with the formality of being signed in the presence of witnesses and acknowledged before a notary public, on account of fraud, the presumptions of the validity and regularity attaching to such a document require clear and convincing evidence to preponderate against them. The formal instrument furnishes proof of the most cogent and solemn character, and to outweigh this proof requires a greater quantum of evidence than in a case where there are no such presumptions to overcome. *Peterson v. Estate of Bauer,* 76 Neb. 652." *Bingaman v. Bingaman,* 85 Neb. 248, 122 N. W. 981.

The testimony of the notary public who had known the plaintiff and had an office close to him for some considerable time, who had transacted business with him and talked to him on occasions about the disposition of his real estate, and who took the acknowledgment of the deed in suit, establishes that she had ample opportunity to observe the plaintiff prior to the acknowledgment of the deed, at the time of taking such acknowledgment, and prior thereto, and had known him for years. Under such circumstances, such a witness is competent to testify as to her opinion respecting the mental soundness and mental capacity of the maker of the deed. See *Burgedorff v. Hamer,* 95 Neb. 113, 145 N. W. 250; 20 Am. Jur. 323, sec. 348.

We conclude in the instant case that the deed was not procured by fraud and was given in consideration of the

relinquishment by the grantee of the grantor's promise to convey the acreage property to the grantee and the grantee's former wife. Under such circumstances, the consideration is adequate and valid. See 18 C. J. 163.

For the reasons given in this opinion, the judgment of the district court is

AFFIRMED.